■ SHELDON H. SOLOW, Doing Business as SOLOVIEFF GALLERY Co., Respondent, v KARL G. WELLNER et al., Appellants. —Order, Appellate Term, First Department (Stanley Parness, J. P., Edith Miller, William P. McCooe, JJ.), entered July 2, 1991, which, *inter alia,* modified an order of the Civil Court, New York County (Louis B. York, J.), dated June 27, 1990, by reversing that portion of the order which had granted respondents-tenants-appellants' cross-motion to vacate a prior order of the same court entered on May 10, 1990 and denying the cross-motion and reversing that portion of the order which had denied petitioner-landlord-respondent leave to renew its motion for an accounting and granting the motion, unanimously reversed, on the law, insofar as appealed from, the cross-motion granted, the funds ordered released in accordance with the order of Civil Court and the motion to renew denied, without costs.

The within appeal arises out of a summary proceeding brought by landlord in response to tenants' rent strike. On July 29, 1988, shortly after the commencement of the proceeding, the court ordered that all rent due and owing through August 1988 be deposited in escrow. Applications concerning subsequent months' rent were to be made to the Trial Judge, if necessary. However, on August 19, 1988, the court modified its order by providing that the past rents sued for were not required to be escrowed and that only prospective rents were required to be deposited. Landlord took no appeal from that order.

After a torturous series of events belying the terminology denominating this a "summary" proceeding, on June 27, 1990, in the order which serves as the basis for this appeal, Civil

Court released the escrowed rent deposits to the tenants, based on the fact that petitioner had never amended its petitions for rent accruing after September 1, 1988 and there was therefore no legal basis for the escrow of such funds. Appellate Term modified the Civil Court's order by providing that the escrowed funds be preserved pending the resolution of this proceeding and that petitioner could renew its motion for an accounting at such time as they were released.

First, we reject the argument that Civil Court was barred by the doctrine of law of the case from ordering the funds which had been paid into escrow released. The circumstances which had precipitated the prior order, which had been issued by a different Judge, had plainly altered at the time the funds were released, as the landlord had by that time made clear that he would not sue for the very rents which had been escrowed.

Second, we agree with Civil Court that these changed circumstances require that the funds be released. Initially, we note that the Civil Court did not err in ordering, at the commencement of the proceeding, the continuing payment into court of future rents as they became due (RPAPL 745 [2] [a]). However, while the reasons necessitating such preservation, such as the possibility of emergency repairs during the pendency of the proceeding and the desirability of eliminating any benefit of delay to the tenant, vary with the underlying facts of each case, the imposition of such a continuing escrow is ultimately based on the assumption that, at some point, the landlord may become entitled to such funds by virtue of amending its petition to seek them in the proceeding. Since the landlord in this case did not amend its petition, and indeed refused to do so, apparently preferring to bring a new action in Supreme Court, the rents which have been escrowed are not recoverable by him in this proceeding and must therefore be released to those who made the deposits.

Since the landlord is not entitled to the escrow funds herein, he is clearly not entitled to an accounting of those funds. Concur—Milonas, J. P., Ellerin, Wallach and Smith, JJ. [See, 150 Misc 2d 642.]